JOE ROBINSON, Appellant, v. MEREDITH PUBLISHING COMPANY, Appellee.

No. 46057.

NOVEMBER 24, 1942.

Dunn & Danforth, of Mason City, for appellant.

Stipp, Perry, Bannister & Starzinger, of Des Moines, for appellee.

STIGER, J.—On July 9, 1938, claimant, Joe Robinson, entered into a written contract with a branch manager of defendant which authorized him to solicit subscriptions to Successful Farming, a magazine published by defendant in Des Moines, Iowa.

While working under this contract in the state of New York claimant, on July 13, 1939, sustained the injuries for which he seeks compensation.

Defendant interposed three defenses to the claim, which are:

"1. The Commissioner lacked jurisdiction and the Iowa Workmen's Compensation Law did not govern, because the claimant's contract of employment was not made in Iowa and the claimant never rendered any services in Iowa.

"2. The Commissioner lacked jurisdiction and the Iowa Workmen's Compensation Law did not govern, because the claimant was not an employee of the defendant but was rather an independent agent or contractor.

"3. The Commissioner lacked jurisdiction and the Iowa Workmen's Compensation Law did not govern, because the claimant did not sustain an injury arising out of and in the course of his employment."

I. Paragraph 3c, section 1421, 1939 Code, reads:

"3. The following persons shall not be deemed 'workmen' or 'employees': * * *

"c. An independent contractor."

After claimant had described in detail the method used by him in soliciting subscriptions he testified:

"Well, of course the same sales talk won't fit all people. You have got to use your own judgment as to how to sell. One man might walk up to him in a rough manner and take him down and he would like it, and another fellow he would throw you out of the yard. Q. Well, that is true. It is a matter of individual judgment in each solicitation, isn't it? A. That is right. Q. And in the last analysis you use your best judgment in getting the results? A. That is right."

The contract between the parties provides:

"Nothing herein contained shall be construed to create the relationship of employer and employee between Meredith Publishing Company hereinafter called The Company and the

subscription agent, or, between the Branch Manager and the subscription agent."

In the recent case of Meredith Publishing Co. v. Iowa Employment Security Comm., October 1942, 232 Iowa 666, 6 N. W. 2d 6, the issue was whether Dale Lackey Brumbaugh, a subscription agent, was an employee of the Meredith Publishing Company or an independent contractor. The court held he was an independent contractor and excluded from the provisions of the Iowa unemployment security law. The Meredith Publishing Company, plaintiff in said case, is the defendant in the instant case.

The agreements signed by Brumbaugh and Robinson authorizing them to solicit subscriptions to Successful Farming are identical, the agents used the same methods in soliciting subscriptions, and the evidence relating to the issue whether they were independent contractors or employees is substantially the same in both cases. The provisions of the agreement and the methods used by employees of the company in obtaining subscriptions are fully considered in the Brumbaugh case which opinion controls the decision in this case. The judgment of the trial court is affirmed.

It is unnecessary for us to consider the other propositions submitted by the defendant to sustain the ruling of the trial court.—Affirmed.

WENNERSTRUM, C. J., and BLISS, SAGER, HALE, OLIVER, GARFIELD, and MILLER, JJ., concur.